FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 6 2003

*signature*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELADIO VALDEZ,

    Plaintiff,

v.                                       No. CIV-03-0946 BB/RLP

LINCOLN COUNTY DETENTION CENTER,
LINCOLN COUNTY SHERIFF (Real Name Unknown),
LINCOLN COUNTY UNDER-SHERIFF
(Real Name Unknown),
LINCOLN COUNTY DETENTION CENTER
MEDICAL DEPARTMENT,
MR. BORREGO (Real Name Unknown) MEDICAL
DEPARTMENT,
KENNY VAGA, LINCOLN COUNTY DETENTION
CENTER MEDICAL DEPT.,
LINCOLN COUNTY/RUIDOSO MEDICAL DEPARTMENT,
D.A. WOLFEL, M.D., ARLENE BROWN, M.D.,
RICHARD BERGSRUD, M.D., JAMES SPIGEL, M.D.,
Director, sued in their individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's removed civil rights complaint under 28 U.S.C. § 1915A and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appearing pro se. The complaint alleges that he has been denied adequate treatment for serious medical conditions, and asserts a number of claims for violation of federal and state law protections. Plaintiff seeks damages. For the reasons below, certain of Plaintiff's claims will be dismissed. Under 28 U.S.C. §§ 1447(a) and 1448, summonses will be issued for Defendants who have not answered.

Under the provisions of §1915A, "The court shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

No relief is available on Plaintiff's claims against Defendants Lincoln County Detention Center, Lincoln County Detention Center Medical Department, Lincoln County/Ruidoso Medical Center, Vaga, Wolfel, Brown, or Bergsrud. First, correctional and medical facilities are not suable entities. *White v. Utah*, No. 00-4109, 2001 WL 201980, at *1 (10th Cir. Mar. 1, 2001); *see also Abalos v. Bernalillo County District Attorney's Offc.*, 734 P.2d 794, 799 (N.M. Ct. App. 1987); *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (". . . local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464, 472 and n.21 (1985)), *aff'd*, 986 F.2d 1429 (Table) (10th Cir. 1993). For purposes of this order, therefore, Plaintiff's claims against these entities will be construed as claims against Lincoln County. Furthermore, Plaintiff's (amended) complaint contains no allegations against Defendants Vaga, Wolfel, Brown, or Bergsrud. To

succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Lincoln County Detention Center, Lincoln County Detention Center Medical Department, Lincoln County/Ruidoso Medical Center, Vaga, Wolfel, Brown, and Bergsrud are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Defendants Brown and Bergsrud's motions to dismiss (Doc. #7 and 12) are DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to add Lincoln County to the docket as a named Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons for Defendant Lincoln County, and to issue summonses with notice and waiver forms for Defendants Borrego and Spigel.

UNITED STATES DISTRICT JUDGE

3